1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH D. JOHNSON,

11          Plaintiff,                    No. 2:11-cv-2580 JFM (PC)

12       vs.

13   SACRAMENTO COUNTY, et al.,

14          Defendants.            ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).  Plaintiff, the only party to appear in this action, has consented to proceed before a

20   United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

21          Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

1  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

2  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

3  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

4  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

5  U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Plaintiff has named four defendants in his complaint:  Sacramento County, the

20  Sacramento County Public Defender, a Sacramento County assistant public defender, and a

21  Sacramento County Superior Court judge.  The gravamen of the claims raised in plaintiff's

22  complaint are that the public defender and the assistant public defender provided ineffective

23  assistance to plaintiff in criminal proceedings in 2002, conspired with the judge to deny

24  plaintiff's motion for new counsel, and that the County and the public defender failed to

25  adequately train and supervise county courthouse.  Plaintiff alleges that he is serving a life

26  /////

1  sentence in prison as a result of the events complained of.  Plaintiff seeks injunctive relief and

2  monetary damages, including both compensatory and punitive damages.

3  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held

4  that a suit for damages on a civil rights claim concerning an allegedly  unconstitutional

5  conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence

6  has been reversed on direct appeal, expunged by executive order, declared invalid by a state

7  tribunal authorized to make such determination, or called into question by a federal court's

8  issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.

9  Under Heck, the court is required to determine whether a judgment in plaintiff's

10  favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the

11  complaint must be dismissed unless the plaintiff can show that the conviction or sentence has

12  been invalidated.  This court finds that plaintiff's action implicates the validity of plaintiff's

13  conviction, and the record in this action and a habeas corpus action filed in this court and cited in

14  plaintiff's September 30, 2011 motion to stay, Case No. 2:06-cv-0554 MCE CKS[1], demonstrate

15  that plaintiff's conviction has not been invalidated.  Accordingly, the action must be dismissed

16  without prejudice.  See Heck v. Humphrey, 512 U.S. at 486-87.

17  With his complaint, plaintiff filed a motion to stay these proceedings pending

18  disposition of his appeal to the United States Court of Appeals for the Ninth Circuit from the

19  denial of his federal habeas corpus petition and a motion for preliminary injunction.  In light of

20  the fact that this action must be dismissed, both motions will be denied.

21  Finally, on October 13, 2011 and October 24, 2011, plaintiff filed motions for the

22  appointment of counsel.  The United States Supreme Court has ruled that district courts lack

23  authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United

24  States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court

25

26  [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v.

2    Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

3    (9th Cir. 1990).  In the present case, the court does not find the required exceptional

4    circumstances.  Plaintiff's motions for the appointment of counsel will therefore be denied.

5                   In accordance with the above, IT IS HEREBY ORDERED that:

6                   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7                   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10   Director of the California Department of Corrections and Rehabilitation filed concurrently

11   herewith.

12                  3.  Plaintiff's September 30, 2011 motion to stay is denied.

13                  4.  Plaintiff's September 30, 2011 motion for preliminary injunction is denied.

14                  5.  Plaintiff's October 13, 2011 motion for appointment of counsel is denied.

15                  6.  Plaintiff's October 24, 2011 motion for appointment of counsel is denied.

16                  7.  This action is dismissed without prejudice.

17   DATED: December 7, 2011.

18

19

20                                        UNITED STATES MAGISTRATE JUDGE

21   12
22   john2580.dm

23

24

25

26

4